UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FRANK PRICE, ) | |
| ) | |
| Petitioner, ) | |
| ) | CAUSE NO. 3:12-CV-382 RM |
| vs. ) | |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

OPINION AND ORDER

Frank Price, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging a prison disciplinary sanction. (DE 1.) On March 22, 2011, Mr. Price was found guilty in Cause No. MCF 11-03-0111 of attempted use or possession of a deadly weapon. (DE 1-1 at 4.) Among other sanctions, he lost 30 days of earned credit time. (*Id.*) After Mr. Price filed this petition, the Indiana Department of Correction ("IDOC") vacated the sanctions and remanded the case for a new hearing. (DE 11-1.) Based on the IDOC's action, the respondent moves to dismiss the petition as moot. (DE 10.) As the respondent points out, because the sanctions have been vacated and the case remanded for a new hearing, there is at present nothing for this court to review. *See* Hadley v. Holmes, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner can challenge prison disciplinary determination in habeas proceeding only when it resulted in a sanction that lengthened the duration of his confinement).

Mr. Price objects to the motion, arguing that the petition shouldn't be dismissed because he served six months in disciplinary segregation as a result of the guilty finding.

(DE 12.) This isn't a basis for keeping the petition alive. Disciplinary segregation "affects the severity rather than the duration of custody." Montgomery v. Anderson, 262 F.3d 641, 643 (7th Cir. 2001). As the court of appeals has explained, "More restrictive custody must be challenged under § 1983, in the uncommon circumstance when it can be challenged at all." *Id.*; *see also* Sandin v. Conner, 515 U.S. 472, 484-485 (1995) (prisoners are not entitled to due process protections unless a change in prison conditions results in an "atypical and significant hardship" when compared to "the ordinary incidents of prison life").

Accordingly, the petition will be dismissed. If Mr. Price is dissatisfied with the results of the new hearing, he is free to file a new habeas petition after exhausting his administrative remedies.

For the reasons set forth above, the court DISMISSES the petition (DE 1).

SO ORDERED.

ENTERED: February  15 , 2013.

/s/ Robert L. Miller, Jr.
Judge
United States District Court